PER CURIAM:
- The Board of Governors of The Florida Bar has entered its judgment disbarring the respondent, J. H. Rolfs, Jr., from the practice of law and requiring that he pay the costs of this proceeding. Respondent seeks review in this Court.
The referee found the respondent guilty of (1) two charges involving the misuse of clients’ funds; (2) of neglecting to advise a client of the final hearing in her case in consequence of which, because of her absence, the cause was dismissed; (3) of failing to communicate with the same client, to advise her of the outcome of the litigation in which she was involved, and to answer her inquiries; and (4) of associating in the practice of law with a person not a lawyer. Respondent was also charged with improper solicitation of legal business. The referee found that the initial meeting between the respondent and the prospective client alleged to have been solicited was not a proper way for a lawyer to initiate contact with a client. Nevertheless, he did not find respondent guilty of this charge.
The referee recommended that Respondent be disbarred.
On review the Board of Governors affirmed the findings of the referee and ordered disbarment. However, in its judgment the Board erroneously stated that the referee had found the Respondent guilty of improper solicitation of a prospective client. As noted above the referee did not so find. This error is of no real consequence since both the referee and the Board adjudged the Respondent guilty of violations of Article XI, Rule 11.02(4), Integration Rule of The Florida Bar, 31 F.S.A.; of Canon 11, Canons of Professional Ethics, 31 F.S. A.; and Rule 1 of the Additional Rules Governing Conduct of Attorneys, 31 F.S.A. All of these rules and canons relate to handling by an attorney of a client’s monies. None pertain to improper solicitation.
After hearing argument and thorough study of the entire record we conclude that the judgment of guilt found by the Board of Governors, with the exception noted above, should be approved. However, we feel that suspension for three years and thereafter until the Board of Governors shall determine that Respondent is entitled to be reinstated is adequate discipline. In addition, Respondent must make full restitution of the funds he misused and mishandled and must pay the costs of this proceeding.
Our first opinion in this cause is withdrawn and this one substituted therefor. The petition for rehearing is visited to this opinion and is denied.
Accordingly, it is the judgment of this Court that Respondent, J. H. Rolfs, Jr., be suspended from the practice of law for three years from the filing of this opinion and thereafter until he shall have paid the cost of this proceeding in the amount of $1,133.59; made full restitution of clients’ funds found in this proceeding to have been misused by him; and demonstrated to the Board of Governors of The Florida Bar and to this Court that he is entitled to be reinstated to the practice of law in accordance with Article 11, Rule 11.10 of the Integration Rule.
It is so ordered.
THORNAL, Acting C. J., and O’CON-NELL, CALDWELL, ERVIN and BARNS (Retired), JJ., concur.